IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LINDA OSTROFSKY,

        Plaintiff,                                No. CIV S-07-0987 MCE EFB PS

        vs.

ANTHONY SAUER in his official capacity DEPARTMENT OF REHABILITATION,

        Defendant.                               <u>ORDER</u>

_____/

       This action, in which plaintiff is proceeding pro se, was referred to the undersigned by Local Rule 72-302(c)(21), pursuant to 28 U.S.C. § 636(b)(1). On July 17, 2007, the court granted plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, and dismissed her complaint for failure to comply with Fed. R. Civ. P. 8 and failure to state a claim. However, the court granted plaintiff leave to file an amended complaint, which after receiving an extension of time, plaintiff filed on October 31, 2007.

       Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

1        Although it is not entirely clear from the amended complaint, it appears that plaintiff, a former employee of the California Department of Rehabilitation, seeks to allege claims under Title II of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12131, *et seq.*, and section 504 of the Rehabilitation Act, 29 U.S.C. § 794(a).  Plaintiff appears to allege that the California Department of Rehabilitation either failed to accommodate her mental disabilities or denied her promotions because of them.

         In the original complaint, plaintiff alleged claims for money damages against the California Department of Rehabilitation under Title I of the ADA.  The court dismissed the original complaint, in part, because the Eleventh Amendment bars such claims against state agencies.  *See Walsh v. Nev. Dep't of Human Res.*, 471 F.3d 1033, 1036 (9th Cir. 2006) (the Eleventh Amendment bars suits for money damages brought against the state or its agencies pursuant to Title I, but does not bar Title I suits against state officials for prospective injunctive and declaratory relief).  Plaintiff did not seek injunctive or declaratory relief in the original complaint.  Plaintiff amended her complaint to name the head of the California Department of Rehabilitation in his official capacity, presumably based on the court's citation to *Walsh*.  However, she did not amend her complaint to seek only declaratory and injunctive relief under Title I.  Rather, plaintiff now seeks money damages under Title II of the ADA.

         Title II of the ADA prohibits discrimination in programs of a public entity or discrimination by such an entity.  By proceeding under Title II of the ADA, plaintiff may properly name the state agency as a defendant.  *See Shebby v. Adams*, No. 03-6487, 2007 U.S. Dist. LEXIS 32290, at *23-24 (E.D. Cal. May 1, 2007) (Under Title II of the ADA the proper defendant usually is an organization rather than a natural person, and "[t]hus, as a rule, there is no personal liability under Title II.") (internal citations and quotations omitted).  In fact, plaintiff's reference to Anthony Sauer in his official capacity is limited to the caption, and therefore appears to be a mere formality or a mistake as there are no other allegations in the amended complaint concerning Mr. Sauer, either individually, or in his role as agency head.

Despite plaintiff's apparent attempt to circumvent Title I's Eleventh Amendment bar to damages by invoking Title II of the ADA, Title II is not the proper vehicle for her claims of employment discrimination. The Ninth Circuit has held that employment by a public agency does not fall within the scope of Title II of the ADA. *Zimmerman v. Oregon Dep't of Justice*, 170 F.3d 1169, 1173 (9th Cir. 1999). Accordingly, because the allegations in the amended complaint relate solely to plaintiff's employment, she cannot state a claim under Title II of the ADA for discrimination, and the amended complaint must be dismissed on that basis. Again, if plaintiff wishes to pursue a claim for employment discrimination under Title I of the ADA, she may only bring suit against the agency's officials for prospective injunctive and declaratory relief. *Walsh*, 471 F.3d at 1036.

Next, the court addresses plaintiff's invocation of the Rehabilitation Act of 1973, 29 U.S.C. §§ 701 *et seq*., with regard to her claims of employment discrimination. Plaintiff makes repeated reference to § 504 of the Act. Like Title II of the ADA, section 504(a) of the Rehabilitation Act prohibits discrimination against otherwise qualified disabled persons under any program or activity conducted by a federal agency or receiving federal financial assistance. 29 U.S.C. § 794(a). "The Rehabilitation Act, like the ADA, proscribes discrimination against a qualified individual with a disability because of the disability in regard to the terms, conditions, and privileges of employment." *Niimi-Montalbo v. White*, 243 F. Supp. 2d 1109, 1121 (D. Haw. 2003). In order to state a claim under the Rehabilitation Act, plaintiff must allege that she is a disabled person within the meaning of the Act, (2) she was able to perform the essential functions of the job with or without reasonable accommodation, and (3) she suffered an adverse employment action because of her disability. *Id.* (citing *Bradley v. Harcourt, Brace & Co.*, 104 F.3d 267, 271 (9th Cir. 1996)). However, plaintiff must also allege, and ultimately establish, that her employer received federal financial assistance. *Jackson v. Veterans Admin*., 22 F.3d 277, 278 (11th Cir. 1994); *Duvall v. County of Kitsap*, 260 F.3d 1124, 1135 (9th Cir. 2001).

////

1     Although plaintiff has alleged that she is a disabled person, and, somewhat more vaguely
2 that she was able to perform her job and suffered an adverse employment action, she has failed
3 to allege that the California Department of Rehabilitation receives federal financial assistance.
4 Accordingly, she has failed to state a claim under the Rehabilitation Act.

5     For the foregoing reasons, the first amended complaint must be dismissed.  However, the
6 court will grant plaintiff one final opportunity to amend her complaint.  Plaintiff shall limit the
7 second amended complaint, if she chooses to file one, to ten, double-spaced pages.  Failure to
8 timely file a second amended complaint in accordance with this order will result in a
9 recommendation that this action be dismissed without further leave to amend.

10     Plaintiff is again informed that the court cannot refer to prior pleadings in order to make
11 an amended complaint complete.  Local Rule 15-220 requires that an amended complaint be
12 complete in itself.  This is because, as a general rule, an amended complaint supersedes the
13 original complaint.  *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Accordingly, once
14 plaintiff files an amended complaint, the original no longer serves any function in the case.
15 Therefore, "a plaintiff waives all causes of action alleged in the original complaint which are not
16 alleged in the amended complaint," *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir.
17 1981), and defendants not named in an amended complaint are no longer defendants.  *Ferdik v.*
18 *Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

19     In accordance with the foregoing, IT IS HEREBY ORDERED that:

20     1. Plaintiff's first amended complaint is dismissed with leave to amend;

21     2. Plaintiff is granted thirty days from the date of service of this order to file a second
22 amended complaint in accordance with this order.  The second amended complaint must bear the
23 docket number assigned this case and must be labeled "Second Amended Complaint;" plaintiff
24 must file an original and two copies of the second amended complaint;

25     3. Failure to timely file a second amended complaint in accordance with this order will
26 result in a recommendation this action be dismissed; and,

4

4.  Defendants' November 26, 2007, motion to dismiss is mooted based on the foregoing order.  A renewed motion may be filed once an operative complaint is on file and has been ordered served on defendants.

DATED:  November 27, 2007.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

5