IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LINDA OSTROFSKY,

    Plaintiff,                                  No. CIV S-07-0987 MCE EFB PS

    vs.

ANTHONY SAUER in his official capacity DEPARTMENT OF REHABILITATION,

    Defendant.                                  <u>ORDER</u>

_____/

       This action, in which plaintiff is proceeding pro se, was referred to the undersigned by Local Rule 72-302(c)(21), pursuant to 28 U.S.C. § 636(b)(1). On July 17, 2007, the court granted plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, and dismissed her complaint, with leave to amend, for failure to comply with Fed. R. Civ. P. 8 and failure to state a claim. Plaintiff filed an amended complaint, which the court again dismissed with leave to amend.

       Plaintiff's second amended complaint, filed December 26, 2007, states several claims for relief. However, plaintiff's second cause of action for a "hostile work environment on the basis of plaintiff's disability" under Title VII of the Civil Rights Act, 42 U.S.C. § 2000(e), fails to state a claim. In order to state a claim for harassment amounting to a hostile work environment

1

under Title VII, plaintiff must allege that the harassment was based on race, color, sex, national origin or religion. 42 U.S.C. § 2000e-2(A)(1). Title VII does not apply to discrimination based on age or disability. *See id.*; *Smith v. Sacramento Unified Sch. Dist.*, No. CIV S-07-0628 MCE GGH PS, 2007 U.S. Dist. LEXIS 85851, *10-11 (E.D. Cal. Nov. 9, 2007). Accordingly, plaintiff may not proceed on this claim.

Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. Accordingly, the court orders plaintiff to file a third amended complaint that excludes this second cause of action. If plaintiff chooses to file an amended complaint in accordance with this order, the court will direct service of process on defendants.

Plaintiff is again informed that the court cannot refer to prior pleadings in order to make an amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Accordingly, once plaintiff files an amended complaint, the original no longer serves any function in the case. Therefore, "a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint," *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981), and defendants not named in an amended complaint are no longer defendants. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

In accordance with the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's second amended complaint is dismissed with leave to amend;

2. Plaintiff is granted thirty days from the date of service of this order to file a third amended complaint in accordance with this order; and,

////

////

3.  Failure to timely file a third amended complaint in accordance with this order will result in a recommendation this action be dismissed.

DATED: January 31, 2008.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE