IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LINDA OSTROFSKY,

     Plaintiff,                         No. 2:07-cv-00987 MCE KJN PS

     vs.

ANTHONY P. SAUER, DEPARTMENT
OF REHABILITATION, JOHN MARTIN,
KELLY COOK, et al.,

     Defendants.                      <u>ORDER</u>

_____/

        Presently before this court is defendants' motion to dismiss plaintiff's fourth amended complaint or alternatively to strike portions thereof and for an order for more definitive statement.[1] For the reasons set forth below, defendants' motion is denied.

<u>BACKGROUND</u>

        Plaintiff Linda Ostrofsky, a pro se litigant, filed her complaint in this action on May 25, 2007. Since that time, defendants have filed multiple motions to dismiss, and plaintiff has amended her complaint numerous times. On February 11, 2009, this court heard defendants' motion to dismiss plaintiff's Third Amended Complaint or, alternatively, for more definite

---

[1] This action proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1), and was reassigned by an order entered February 9, 2010. (Dkt. No. 45.)

1

statement. In a lengthy ruling following an extensive hearing, the court ordered that defendants' motion to dismiss be granted in part and that plaintiff be granted leave to file a Fourth Amended Complaint. (Dkt. Nos. 40, 41.) Plaintiff filed a Fourth Amended Complaint on December 24, 2009. (Dkt. No. 42.)

On January 8, 2010, defendants filed a Motion to Dismiss plaintiff's Fourth Amended Complaint (hereinafter "complaint"), in which they also seek relief to strike plaintiff's prayer for relief and an order for plaintiff to make a more definitive statement. (Dkt. No. 43.) For the reasons set forth below, the motion will be denied.

LEGAL STANDARDS

On a motion to dismiss, the court construes the pleading in the light most favorable to plaintiff and resolves all doubts in plaintiff's favor. Parks School of Business, Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). The complaint's factual allegations are accepted as true. Church of Scientology of Cal. v. Flynn, 744 F.2d 694 (9th Cir. 1984). In order to survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), however, a complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 545 (2007). Factually unsupported claims framed as legal conclusions, and mere recitations of the legal elements of a claim, do not give rise to a cognizable claim for relief. See Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 1951 (May 18, 2009), citing Twombly, 550 U.S. at 555.

Pro se pleadings, such as the one at issue, are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). "[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Parduc, 551 U.S. 89 (2007). So-called "inartful pleading" by parties appearing pro se should not penalize a pro se litigant, particularly in civil rights actions. Thompson v. Davis, 295 F.3d 890, 895 (9th Cir. 2002); Johnson v. State of Calif.,

1  207 F.3d 650, 653 (9th Cir. 2000).

2  DISCUSSION

3  Relief Permitted Under ADA Claims

4       As set forth in detail in this court's September 17, 2009 findings and
5  recommendations (Dkt. No. 40), plaintiff avers that she was discriminated and retaliated against
6  in her workplace, the California Department of Rehabilitation, because of a disability.[2]
7  Defendants now complain that the complaint's prayer for relief is improper because it continues
8  to seek monetary damages rather than declaratory or prospective injunctive relief and that this is
9  improper because defendants are immune from plaintiff's Americans with Disabilities Act
10 ("ADA") claims seeking monetary damages.  (Dkt. No. 43 at 3-4.)

11      In accordance with this court's prior orders, plaintiff has received and taken the
12 opportunity to assert a discrimination claim under Title I of the ADA and a retaliation claim
13 under Title V of the ADA.  This court further ordered that these ADA claims seek only
14 declaratory and prospective injunctive relief.  (Dkt. 40 at 10.)  Defendants now complain that
15 plaintiff does not seek any declaratory or prospective injunctive relief in her Prayer for Relief and
16 that "[t]his suit seeks money damages."  Id. at 4:9.  This argument fails.

17      A complaint is not subject to a motion to dismiss because the prayer seeks relief
18 that is not recoverable as a matter of law.  Bontkowski v. Smith, 305 F.3d 757, 762 (7th Cir.
19 2002).  As the court noted in Bontkowski, any doubt on this score is dispelled by Federal Rule of
20 Civil procedure 54(c), which provides that a prevailing party may obtain any relief to which he is
21 entitled even if he "has not demanded such relief in [his] pleadings."  Id. at 762.

22      Additionally and alternatively, plaintiff's complaint, construed liberally, does in
23 fact seek injunctive relief.  In the complaint's Prayer for Relief, plaintiff seeks monetary

---

[2] Because the court has summarized the alleged facts in this action in detail in response to defendants' previous motion to dismiss, relevant facts will only be presented where pertinent to the issues currently presented. (Dkt. Nos. 40, 41.)

3

damages, and also demands "such other relief as this Court deem[s] just, proper and equitable." (Dkt. 42 at 23.) "[E]ven if some ambiguity can be found in the complaint, its request for 'such other and further relief as the Court may deem just and proper' coupled with the fact that it is a pro se complaint permit us, under a liberal construction of the pleadings, to preliminarily consider the issue." Smith v. Hundley, 190 F.3d 852, 855 (8th Cir. 1999) (citing Fed. R. Civ. P. 8(f) which states that all pleadings shall be so construed as to do substantial justice).[3] The Complaint's prayer for monetary and equitable relief is sufficient at the pleading stage, particularly in light of the rules requiring liberal construction of pro se petitions, to withstand a motion to dismiss or strike.

Thus, defendants' request to dismiss plaintiff's prayer for relief is denied. Plaintiff is reminded, however, that because of the Eleventh Amendment's guarantee of sovereign immunity against monetary damages, any discrimination claim under Title I of the ADA or any retaliation claim under Title V of the ADA may only seek declaratory or prospective injunctive relief.

Plaintiff's Title VII and FEHA References

Defendants next seek the dismissal of all three of plaintiff's causes of action because plaintiff continues to reference Title VII of the Civil Rights Act and the California Fair Employment and Housing Act ("FEHA"; Cal. Gov. Code §§ 12940 *et seq.*) within each of her three causes of action. Such an overbroad dismissal is unnecessary and is not the appropriate remedy.

As previously ordered by this Court on two occasions (Dkt. Nos. 14 and 40),

---

[3] It is noted that some courts have found the general catch-all request for relief at the end of many complaints ("such additional and further relief which the court deems just and proper") sufficient notice for relief not even specifically requested in the complaint. Sheet Metal Workers' Int'l Ass'n Local 19 v. Herre Bros., Inc., 201 F.3d 231, 249 (3rd Cir. 1999). Furthermore, some courts have gone further and found that so long as a complaint gives notice of a plaintiff's claims and their grounds, "omissions in a prayer for relief do not bar redress of meritorious claims." Pension Benefit Guar. Corp. v. East Dayton Tool & Die Co., 14 F.3d 1122, 1127 (6th Cir. 1994).

4

plaintiff may not proceed under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e *et seq*. Because Title VII does not apply to claims of discrimination based on disability, this court will sua sponte order any references to Title VII in the complaint stricken. Plaintiff may not proceed under any Title VII theories in this case.

Further, defendants also point out that plaintiff continues to make allegations under FEHA in each of her three causes of action. This court has previously held that the Eleventh Amendment bars plaintiff's FEHA claims in federal court. (Dkt. No. 40 at 7-8.) Again, such references do not render necessary a motion to dismiss. Rather, this court construes the complaint to exclude all references to Title VII and FEHA.

Although plaintiff erroneously references those statutes in her complaint, plaintiff reiterates that she is seeking recovery under alternative theories. (Dkt. No. 44 at 2.) Plaintiff did not object to the court's prior ruling barring recovery under these statutes or to defendants' renewed objection to the fact that such references are improper and immaterial. Plaintiff appears to acknowledge her mea culpa, noting in her opposition that "[a]lthough the Plaintiff referred to Title VII in her complaint, she specifically references violations under the Americans with Disabilities Act Title I and retaliation pursuant to the rehabilitation act." Id.

Hence, as this court has previously found that no such claims may be brought against defendants, all references to Title VII and FEHA are hereby stricken from the complaint. Moore v. Prudential Ins. Co. of Am., 166 F. Supp. 215, 217 (1958) (recognizing that the court has broad discretion and may strike from pleadings matters which are improper); Fed. R. Civ. Proc. 12(f). Plaintiff may not proceed under any Title VII or FEHA theories in this action.

Plaintiff's Second "Cause of Action"

Defendants[4] next contend that plaintiff's second cause of action (the one not listed

---

[4] As defendants point out, the caption of the Complaint refers to only two counts, yet the body of the complaint details three causes of action. It is clear that "[t]echnical errors in the caption should not control over the substance of the complaint." Cf. Welch v. Laney, 57 F.3d 1004, 1010-11 (11th Cir.

in the caption) is unintelligible and should be dismissed. Yet there is no need to dismiss that portion of plaintiff's detailed and sufficient complaint. As in Alvarez v. Hill, 518, F.3d 1152 (9th Cir. 2008), defendants misapprehend the function of pleadings in federal practice. "Notice pleading requires the plaintiff to set forth in his complaint *claims for relief*, not causes of action, statutes or legal theories." Id. at 1157 (emphasis in original). "A complaint need not identify the statutory or constitutional source of the claim raised in order to survive a motion to dismiss," particularly in a pro se action such as this one. Id.

Pursuant to Federal Rule of Civil Procedure 8(a), the Complaint sets forth a basis of jurisdiction, a short and plain statement of the claim showing the pleader is entitled to relief, and a demand for the relief sought. Plaintiff's fourth amended complaint is vastly more detailed as compared to her third amended complaint. (Dkt. Nos. 15, 42). The fourth amended complaint is much lengthier and more detailed than the prior version, relevant exhibits are attached pursuant to this court's prior order, including plaintiff's EEOC and right to sue letters, in addition to certain correspondence between plaintiff and some defendants regarding the conduct at issue. Defendants have sufficient notice of plaintiff's claim.

The "theory of the pleadings" doctrine under which a plaintiff must succeed on theories pleaded in the complaint, or not at all, has been abolished by the Federal Rules. Where, as here, defendants have fair notice of the nature of the *claim*, the complaint need not even allege the legal theory on which recovery is being sought. Crull v. GEM Ins. Co., 58 F.3d 1386, 1391 (9th Cir. 1995). A claim is the "aggregate of operative facts which give rise to a right enforceable in the courts." Bautista v. Los Angeles County, 216 F.3d 837, 840 (9th Cir. 2000). It is not necessary, at the pleading stage, that plaintiff break out all of her legal theories into separate "causes" of action with precise accompanying facts and law as to each one, for defendants cannot reasonably complain of failing to understand the nature of plaintiff's complaint. See NAACP v.

---

1995) (finding that the district court erred in placing too much emphasis on the caption of the plaintiff's complaint).

6

1  American Family Mut. Ins. Co., 978 F.2d 287, 292 (7th Cir. 1992) (criticizing the practice of
2  using different legal labels in separate counts and stating that "[o]ne set of facts producing injury
3  creates one claim for relief, no matter how many laws are broken").
4      Moreover, despite defendants' contentions that plaintiff's pro se complaint lacks a
5  heading in the caption of the complaint for a Rehabilitation Act cause of action, the facts set forth
6  in the Complaint, combined with its references to the Rehabilitation Act, put defendants on
7  notice of the nature of plaintiff's claims.  See Self Directed Placement Corp v. Control Data
8  Corp., 908 F.2d 462, 466 (9th Cir. 1990) (finding that where a complaint's facts supported
9  recovery for unfair competition, and the plaintiff referred to "unfair competition" in its
10 jurisdictional statement and prayer for relief, that defendant was on notice of the unfair
11 competition claim).
12     At the pleading stage, plaintiff provides sufficient facts and notice of her claims to
13 withstand a motion to dismiss.  Defendants request that plaintiff make a more definite statement
14 regarding her Rehabilitation Act claim is likewise denied.
15 Retaliation Allegations
16     Defendants next contend that plaintiff fails to "provide facts sufficient to make a
17 *prima facie* case of retaliation."  Delving into a factual discussion, with detailed dates, times and
18 locations of conduct, and discussion of casual connections between any allegedly protected
19 activity is not proper subject matter for a motion to dismiss, which serves to test the sufficiency
20 of the pleading.  A short and plain statement that the pleader is entitled to relief is all that is
21 required. Fed. R. Civ. Proc. 8.  This standard is met, and this complaint, filed in 2007, is
22 sufficiently detailed and adequate to proceed.  "Instead of lavishing attention on the complaint
23 until the plaintiff gets it just right, a district court should keep the case moving . . . ."  Bennett v.
24 Schmidt, 153 F.3d 516, 518 (7th Cir. 1998).  Defendants' request to dismiss any retaliation claims
25 is denied.
26 ////

CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Defendants' motion to dismiss is denied;

2. All references to and recovery sought under Title VII and FEHA in the Fourth Amended Complaint are hereby stricken. As previously ordered by this court, plaintiff may not proceed under such legal theories;

3. No further amendments to the Fourth Amended Complaint will be permitted; and

4. Defendants are directed to file an answer to the Fourth Amended Complaint within 30 days of the filing date of this order.

**IT IS SO ORDERED**

DATED: March 5, 2010

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE