1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   LINDA OSTROFSKY,

11        Plaintiff,                    No. 2:07-cv-00987 MCE KJN PS

12      v.
     DEPARTMENT OF REHABILITATION,
13   et al.,

14        Defendants.                   AMENDED STATUS (PRETRIAL
                                        SCHEDULING) ORDER[1]
15

16   _____/

17          READ THIS ORDER CAREFULLY.  IT CONTAINS IMPORTANT DATES

18   WHICH THE COURT WILL STRICTLY ENFORCE AND WITH WHICH ALL COUNSEL

19   AND PARTIES MUST COMPLY.  FAILURE TO COMPLY WITH THE TERMS OF THIS

20   ORDER MAY RESULT IN THE IMPOSITION OF MONETARY AND ALL OTHER

21   SANCTIONS WITHIN THE POWER OF THE COURT, INCLUDING DISMISSAL OR AN

22   ORDER OF JUDGMENT.

23          This action proceeds before the undersigned for all pretrial scheduling and

24   _____

25          [1]  This status order is amended to reflect that the final pretrial and trial dates are set before
     the Honorable Morrison C. England, Jr.  This order sets forth the revised final pretrial and trial
26   dates, times and locations.

                                        1

1   proceedings.  See 28 U.S.C. § 636(c)(1); Fed. R. Civ. P. 73; Local Rules 301, 302.  Plaintiff filed

2   a status report on July 29, 2010.  (Dkt. No. 53.)  Defendants filed a status report on July 28, 2010.

3   (Dkt. No. 52.)  Having concluded that oral argument would not materially assist the court, the

4   undersigned hereby submits the issue on the reports and record on file.  See E. Dist. Local Rule

5   230(g).  Accordingly, in consideration of the parties' status reports, the court enters the following

6   scheduling order:

7   NATURE OF CASE

8           Plaintiff's fourth amended complaint, filed December 24, 2009, alleges

9   employment discrimination and retaliation based on a disability.  (Dkt. No. 42.)  Plaintiff alleges

10  that she was subjected to a series of personnel-related decisions by her supervisors which she

11  alleges were discriminatory.  Defendants deny the allegations and claim that plaintiff's causes of

12  action are barred by the statute of limitations and failure to exhaust administrative remedies.

13  Defendants further contend that any actions taken were nondiscriminatory and in the legitimate

14  exercise of managerial discretion.

15  SERVICE OF PROCESS

16          Service of process has been made on all defendants.  After a series of amendments

17  to plaintiff's complaint, defendants answered the complaint on April 2, 2010.  (Dkt. No. 50.)

18  JOINDER OF PARTIES/AMENDMENTS

19          No further joinder of parties or amendments to pleadings is permitted except with

20  leave of court and upon good cause shown.

21  JURISDICTION/VENUE

22          Jurisdiction and venue are undisputed and are hereby found to be proper.  See 28

23  U.S.C. § 1331; 28 U.S.C. § 1391(b).[2]

24  ////

25
26          [2] Defendants state in their status report that by consenting to jurisdiction and venue, they
    are not waiving any claim of immunity.  (Dkt. No. 52 at 3.)

MOTION HEARING SCHEDULES

All law and motion, except as to discovery-related matters, shall be completed by November 17, 2011. The word "completed" in this context means that all law and motion matters must be heard by the above date. Counsel (and/or pro se parties)[3] are cautioned to refer to the Local Rules regarding the requirements for noticing such motions on the court's regularly scheduled law and motion calendar. This paragraph does not preclude motions for continuances, temporary restraining orders or other emergency applications, and is subject to any special scheduling set forth in the "MISCELLANEOUS PROVISIONS" paragraph below.

The parties should keep in mind that the purpose of law and motion is to narrow and refine the legal issues raised by the case and to dispose of by pretrial motion those issues that are susceptible to resolution without trial. To accomplish that purpose, the parties need to identify and fully research the issues presented by the case, and then examine those issues in light of the evidence obtained through discovery. If it appears to counsel after examining the legal issues and facts that an issue can be resolved by pretrial motion, counsel are to file the appropriate motion consistent with the law and motion cutoff set forth above.

ALL PURELY LEGAL ISSUES ARE TO BE RESOLVED BY TIMELY PRETRIAL MOTION. Counsel are reminded that motions in limine are procedural devices designed to address the admissibility of evidence. COUNSEL ARE CAUTIONED THAT THE COURT WILL LOOK WITH DISFAVOR UPON SUBSTANTIVE MOTIONS PRESENTED UNDER THE GUISE OF MOTIONS IN LIMINE AT THE TIME OF TRIAL.

DISCOVERY

Initial disclosures pursuant to Federal Rule of Civil Procedure 26(a) shall take place on or before September 1, 2010.

All additional discovery shall be *completed* by August 25, 2011. The word

---

[3] Any reference to "counsel" in this order includes parties appearing without counsel, or in propria persona.

1  "completed" means that all discovery shall have been conducted so that all depositions have been

2  taken and any disputes relative to discovery shall have been resolved by appropriate order if

3  necessary and, where discovery has been ordered, the order has been complied with.  Motions to

4  compel discovery must be noticed on the undersigned's law and motion calendar in accordance

5  with the Local Rules and must be heard not later than July 21, 2011.

6  EXPERT DISCLOSURE

7            The parties are to designate in writing and file with the court, and serve upon all

8  other parties, the names of all experts they propose to tender at trial, pursuant to the following

9  schedule: initial expert disclosures shall be made on or before June 2, 2011; rebuttal expert

10  disclosures shall be made on or before June 23, 2011.

11            An expert witness not appearing on such lists will not be permitted to testify

12  unless the party offering the witness demonstrates: (a) that the necessity of the witness could not

13  have been reasonably anticipated at the time the lists were exchanged; (b) the court and opposing

14  counsel were promptly notified upon discovery of the witness; and (c) that the witness was

15  promptly proffered for deposition.  Failure to provide the information required along with the

16  expert designation may lead to preclusion of the expert's testimony or other appropriate

17  sanctions.

18            For the purposes of this scheduling order, experts are defined as "percipient" and

19  "Rule 26" experts.  Both types of experts shall be listed.  Percipient experts are persons who,

20  because of their expertise, have rendered expert opinions in the normal course of their work

21  duties or observations pertinent to the issues in the case.  Another term for their opinions are

22  "historical opinions."  Percipient experts are experts who, unless also designated as Rule 26

23  experts, are limited to testifying to their historical opinions and the reasons for them.  That is,

24  they may be asked to testify about their opinions given in the past and the whys and wherefores

25  concerning the development of those opinions.  However, they may not be asked to render a

26  current opinion for the purposes of the litigation.

4

1    Rule 26 experts, who may also be percipient experts, shall be specifically

2    designated by a party to be a testifying expert for the purposes of the litigation.[4]  A Rule 26

3    expert may express opinions formed for the purposes of the litigation.  A party designating a

4    Rule 26 expert will be assumed to have acquired the express permission of the witness to be so

5    listed.

6    The parties shall comply with the information disclosure provisions of Federal

7    Rule of Civil Procedure 26(a)(2) for any expert, who is in whole or in part designated as a Rule

8    26 expert.  This information is due at the time of designation.  Failure to supply the required

9    information may result in the Rule 26 expert being stricken.  All Rule 26 experts are to be fully

10   prepared to render an informed opinion at the time of *designation* so that they may fully

11   participate in any deposition taken by the opposing party.  Rule 26 experts will not be permitted

12   to testify at trial as to any information gathered or evaluated, or opinion formed, which should

13   have been reasonably available at the time of designation.  The court will closely scrutinize for

14   discovery abuse opinions offered at deposition that differ markedly in nature and/or in bases from

15   those expressed in the mandatory information disclosure.

16   FINAL PRETRIAL CONFERENCE

17   The final pretrial conference is set before the Honorable Morrison C. England, Jr.

18   on December 8, 2011, at 2:00 p.m., in Courtroom No. 7.  Counsel are cautioned that counsel

19   appearing for pretrial will in fact try the matter.  Counsel for all parties or parties representing

20   themselves are to be fully prepared for trial at the time of the pretrial conference, with no matters

21   remaining to be accomplished except production of witnesses for oral testimony.  Counsel are

22   referred to Local Rules 281 and 282 relating to pretrial statements and conferences.  A FAILURE

23   TO COMPLY WITH LOCAL RULES 281 AND 282 WILL BE GROUNDS FOR SANCTIONS.

24   Notwithstanding Local Rule 281, the parties shall submit a *joint pretrial statement*

25

26   [4] The court is not interested in a designation of non-testifying Rule 26 experts.

not later than fourteen days prior to the pretrial conference.  The joint pretrial statement shall

conform with the requirements of Local Rule 281(b).  The undisputed facts and disputed factual

issues shall be set forth in two separate sections.  The parties should identify those facts which

are relevant to each separate cause of action.  In this regard, the parties are to number each

individual fact or factual issues.  Where the parties are unable to agree as to what factual issues

are properly before the court for trial, they should nevertheless list in the section on "DISPUTED

FACTUAL ISSUES" all issues asserted by any of the parties and explain by parenthetical the

controversy concerning each issue.  The parties should keep in mind that, in general, each fact

should relate or correspond to an element of the relevant cause of action.  The parties should also

keep in mind that the purpose of listing the disputed factual issues is to apprise the court and all

parties about the precise *issues* that will be litigated at trial.  *The court is not interested in a*

*listing of all evidentiary facts underlying the issues that are in dispute.*[5]  The joint statement of

undisputed facts and disputed factual issues is to be filed with the court concurrently with the

filing of the joint pretrial statement.

Pursuant to Local Rule 281(b), the parties are required to provide with their

pretrial statement a list of witnesses and exhibits that they propose to proffer at trial, no matter

for what purpose.  These lists shall <u>not</u> be contained in the pretrial statement itself, but shall be

attached as separate documents to be used as addenda to the final pretrial order.  Plaintiff's

exhibits shall be listed numerically; defendant's exhibits shall be listed alphabetically.  The

pretrial order will contain a stringent standard for the proffering of witnesses and exhibits at trial

not listed in the pretrial order.  Counsel are cautioned that the standard will be strictly applied.

On the other hand, the listing of exhibits or witnesses which counsel do not intend or use will be

viewed as an abuse of the court's processes.

Counsel are reminded that, pursuant to Federal Rule of Civil Procedure 16, it will

---

[5]  However, with respect to the listing of undisputed facts, the court will accept
agreements as to evidentiary facts.

be their duty at the pretrial conference to aid the court in (a) formulation and simplification of issues and the elimination of meritless claims or defenses; (b) settling of facts which should be properly admitted; and (c) avoidance of unnecessary proof and cumulative evidence.  The parties must prepare their joint pretrial statement, and participate in good faith at the pretrial conference, with these aims in mind.  A FAILURE TO DO SO MAY RESULT IN THE IMPOSITION OF SANCTIONS which may include monetary sanctions, orders precluding proof, eliminations of claims or defenses, or such other sanctions as the court deems appropriate.

TRIAL SETTING

A jury trial is set to commence before the Honorable Morrison C. England, Jr. on February 6, 2012, at 9:00 a.m., in Courtroom No. 7.  The parties anticipate that the jury trial will take approximately five days.

SETTLEMENT CONFERENCE & VOLUNTARY DISPUTE RESOLUTION PROGRAM

Defendants request a settlement conference with a judge different from the trial judge after the ruling on any summary judgment motion.  Plaintiff states that a settlement conference is appropriate to settle this matter.  If the parties agree to request a settlement conference, they may contact the undersigned's courtroom clerk to request one.

MISCELLANEOUS PROVISIONS

The parties are reminded that pursuant to Fed. R. Civ. P. 16(b)(4), this order shall not be modified except by leave of court upon a showing of good cause.  Counsel are cautioned that changes to any of the scheduled dates will necessarily result in changes to all other dates. Thus, even where good cause has been shown, the court will not grant a request to change the discovery cutoff date without modifying the pretrial and trial dates.

Agreement by the parties pursuant to stipulation does not constitute good cause. Nor does the unavailability of witnesses or counsel, except in extraordinary circumstances, constitute good cause.

This Status Order will become final without further order of the Court unless

7

1  objections are filed within seven days of service of this Order.

2  SUMMARY OF ORDER

3       Subject to the foregoing, THE COURT SUMMARIZES THE SCHEDULING

4  ORDER AS FOLLOWS:

5       1.    Initial discovery disclosures shall take place on or before September 1,

6  2010.  The parties may conduct further discovery until August 25, 2011.  Motions to compel

7  discovery are to be noticed for hearing no later than July 21, 2011, as more specifically described

8  in this order.

9       2.    The parties shall make their initial expert disclosures on or before June 2,

10  2011, and their rebuttal expert disclosures on or before June 23, 2011, as described herein.

11       3.    All pretrial motions, except motions to compel discovery, shall be

12  completed as described herein and pursuant to the Local and Federal Rules on or before

13  September 22, 2011.

14       4.    The final pretrial conference is set before the Honorable Morrison C.

15  England, Jr. on December 8, 2011, at 2:00 p.m., in Courtroom No. 7.  A joint pretrial statement

16  shall be filed by November 17, 2011, in accordance with Local Rules 281 and 282, and the

17  requirements set forth herein.

18       5.    A jury trial is set to commence before the Honorable Morrison C. England,

19  Jr. on February 6, 2012, at 9:00 a.m., in Courtroom No. 7.

20       IT IS SO ORDERED.

21  DATED:   August 23, 2010

22

23

24  KENDALL J. NEWMAN
    UNITED STATES MAGISTRATE JUDGE

25

26

8